**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
Brownstein | Rask, LLP
1200 SW Main Street
Portland, OR 97205
Telephone:     (503) 221-1772
Facsimile:     (503) 221-1074

      Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS PENSION TRUST FUND, TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON DRYWALL APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF THE WALL AND CEILING INDUSTRY PROMOTION FUND OF OREGON AND SOUTHWEST WASHINGTON, and PAINTERS DISTRICT COUNCIL NO. 5, | Civil No. <br><br> **COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |
|       Plaintiffs, | |
|   v. | |
| MCG VENTURES, LLC, | |
|       Defendant. | |

      Plaintiffs allege:

///        ///

Page 1 – **COMPLAINT**

# I

## THE PARTIES

1.      Plaintiffs are the Trustees of the Oregon and Southwest Washington Painters Pension Trust Fund ("Pension Fund"), Trustees of the Employee Painters' Trust ("Health Fund"), Trustees of the Oregon and Southwest Washington Drywall Apprenticeship and Training Trust Fund ("Training Fund"), Trustees of the Wall and Ceiling Industry Promotion Fund of Oregon and Southwest Washington ("Promotion Fund") (collectively, "Trust Funds"), and Painters District Council No. 5 ("Union").

2.      The Health Fund and Training Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA).  The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA.  Numerous employers pay fringe benefit contributions to the Health Fund, Training Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA.  The Trustees of the Health Fund, the Trustees of the Training Fund and the Trustees of the Pension Fund have discretionary authority to manage and control these funds, and they are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3.      The Promotion Fund is a trust fund created pursuant to a trust agreement.  The Promotion Fund is governed by a board of trustees.

4.      The Union is a labor organization with its principal office and place of business in King County, Washington.

///      ///

///      ///

Page 2 – **COMPLAINT**

BROWNSTEIN | RASK, LLP
1200 SW Main Street
Portland, OR 97205
T: (503) 221-1772
F: (503) 221-1074

5.      Defendant is an Oregon limited liability company.  At all times material to this proceeding (February 1, 2016, to date), Defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## JURISDICTION

6.      The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Pension Fund, Health Fund and Training Fund against Defendant for violation of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. § 1132(e)(1) of ERISA.

7.      At all times material to this proceeding (February 1, 2016, to date), a written collective bargaining agreement has existed between the Union and Defendant.  The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of Defendant affect commerce.  The Court has jurisdiction over the Claim for Relief brought by each Plaintiff against Defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

## III

## JOINDER

8.      The obligations of Defendant to Plaintiffs arise out of a collective bargaining agreement.  Common questions of law and fact govern the claims that each Plaintiff has against Defendant.

///        ///

///        ///

Page 3 – **COMPLAINT**

# IV

## COMMON FACTUAL ALLEGATIONS

9.      At all times material to this proceeding (February 1, 2016, to date), Defendant has been bound by a written collective bargaining agreement with the Union.  Under the terms of the collective bargaining agreement, Defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds.  Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work covered by the collective bargaining agreement to the Trust Funds, and to remit union dues to the Union.  Defendant further agreed to file monthly remittance report forms and to pay fringe benefit contributions to the Pension Fund, Training Fund and Promotion Fund and union dues to the Union by the 20th day of the month following the month in which the work was performed. Defendant agreed to pay its fringe benefit contributions to the Health Fund by the last day of the month following the month in which the work was performed.

10.      The Trust Agreements that created the Health Fund and Pension Fund provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for interest on the delinquent or late paid fringe benefit contributions from the date each contribution became due until paid at the rate of 12% percent per annum.  The Trust Agreement that created the Training Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for interest on the delinquent or late paid fringe benefit contributions from the date each contribution became due until paid at the rate of 10% percent per annum.  The Promotion Fund and Union are entitled to recover interest on the delinquent and late paid promotion contributions union dues from the date

Page 4 – **COMPLAINT**

each payment because due until paid at the rate of nine (9) percent per annum pursuant to the provisions of ORS 82.010.

11.     The Trust Agreements that created the Pension Fund and Training Fund provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to ten (10) percent of the delinquent or late paid fringe benefit contributions or $30.00 per Trust Fund per month, whichever is greater.  The Trust Agreement that created the Health Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages at the rate of one percent of the unpaid contributions per month from the due date until paid or $100.00, whichever is greater.  The Trust Agreement that created the Promotion Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to ten (10) percent of the delinquent or late paid contributions or $20.00 per month, whichever is greater.

### V

### CLAIM FOR RELIEF

12.     Defendant has failed to file its February 2016 through April 2016 remittance report forms and pay its required fringe benefit contributions and union dues, though the time therefore has expired.  Defendant should be required to file these remittance report forms, together with all report forms that may become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues from

Page 5 – **COMPLAINT**

the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trust Funds.

13.    The Trust Agreements that created the Trust Funds provide that the Trust Funds are entitled to recover a reasonable attorneys' fee from an employer such as Defendant when litigation is necessary to require an employer to comply with its obligations under the Trust Agreements.  Pursuant to the Trust Agreements that created the Trust Fund, Defendant should be required to pay the Trust Funds' attorneys' fees incurred herein.

14.    The Trustees of the Pension Fund, Training Fund and Health Fund are also entitled to recover a reasonable attorneys' fee from Defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

1.    Requiring Defendant to file its February 2016 through April 2016 remittance report forms, together with all report forms that may become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trust Funds;

2.    Providing that Plaintiffs shall retain the right to conduct a future payroll examination of Defendant's books and records in order to ensure that all required fringe benefit contributions have been paid; and further, in the event such future payroll examination reveals that delinquent fringe benefit contributions are owed, providing that Plaintiffs shall have the right to institute legal proceedings against Defendant to recover the delinquent fringe benefit

BROWNSTEIN | RASK, LLP
1200 SW Main Street
Portland, OR 97205
T: (503) 221-1772
F: (503) 221-1074

contributions found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

3.      Requiring Defendant to pay Plaintiffs' reasonable attorneys' fees and costs incurred herein; and

4.      For such further equitable relief as the Court deems just and proper.

DATED this 15th day of June 2016.

**Brownstein | Rask LLP**


/s/ Cary R. Cadonau_____
Cary R. Cadonau, OSB # 002245
Of Attorneys for Plaintiffs

BROWNSTEIN | RASK, LLP
1200 SW Main Street
Portland, OR 97205
T: (503) 221-1772
F: (503) 221-1074